# Ridgway, Appellant, *v.* Scott.

*Promissory notes—Defense—Composition agreement.*

In a suit by the owner of a promissory note against the maker of the note, where the question of the ownership of the note is not disputed, but the defendant sets up a composition agreement as to the note between himself and the payee and indorser of the note, but offers no evidence to show that the payee and indorser was the agent of the owner in making the composition agreement, a verdict and judgment for the defendant cannot be sustained.

Argued Dec. 12, 1901. Appeal, No. 152, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1899, No. 315, on verdict for defendant in case of Barzillai Ridgway and William G. Ridgway, trading as B. Ridgway & Son, *v.* John R. Scott. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit by owner of promissory notes against maker. Before SULZBERGER, J.

The facts are stated in the opinion of the Superior Court.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Albert D. Wilson*, for appellant.

*B. F. Fisher*, for appellee.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:

This action is brought by the plaintiff Ridgway against the
defendant Scott, on a promissory note for $270, dated October 21, 1898, at three months, made by Scott to the order of one
Sivel. Under the plea of payment with leave, etc., the defendant gave notice that he would offer as matter of defense the
facts sets forth in the affidavit of defense. In this affidavit the
defendant alleged in substance that Ridgway was not the real
owner of the note, but that the same belonged to Sivel and that
the suit was brought in the name of Ridgway for the use and
benefit of Sivel. It was further alleged that Sivel signed, with
other creditors of Scott, a composition agreement by which he
in effect represented that he was the owner of the note, and
agreed to take sixty per cent in cash, whereby but $162 of the
note became thereafter due by Scott. A judgment was taken
for this amount in this action as admitted to be due and the
payment of the money enforced by execution. The balance of
the note, viz: forty per cent, or $142, was the amount in dispute on the trial. The facts there adduced by the evidence submitted were not that Ridgway was not the owner of the note.
The contention then made was that Sivel, being the payee and
indorser, secured from Ridgway, through the latter's attorney,
an agreement to accept sixty per cent of the note for $270 in
cash and another note made by Scott and indorsed by Sivel for
the forty per cent. The latter note was delivered by Scott to
Sivel, but the sixty per cent in cash never was, in fact, paid by
Scott at all, nor was the note for forty per cent given to Ridgway. What has been said of the issue raised by the pleadings
makes it manifest that the question became one of agency and
was not the issue which the plaintiff had come into court to try,
namely, one of ownership.

Furthermore, the evidence showed that the terms of the composition agreement were not carried out with one of the creditors at all, and with others on a basis differing from that indicated by the agreement. The agreement contained no stipulation, nor was it proven, that the creditors signed, either on condition that all should sign or that each signed in consideration of the signatures of the others. It was, therefore, more than doubtful whether, on the failure of Scott to carry out the composition agreement, its terms were binding. But, conceding that the composition would have been a bar and that the defense based on Sivel's agency was properly triable, a scrutiny of the record does not result in the discovery of any testimony which would have sustained the defendant's contention. True, Sivel signed the composition paper as if he represented the note, but he does not say that he did it as Ridgway's agent or by his authority. On the contrary, in many portions of his testimony he explicitly and emphatically denies that he acted for Ridgway, and asserts his own continuing liability on the note. Ridgway did, according to the testimony, agree with Sivel to settle the note now in suit for sixty per cent cash and a new note made by Scott and indorsed by Sivel for forty per cent, but this arrangement was not carried out. Doubtless, Sivel, believing that Scott would pay the sixty per cent in cash, and give the new note (whereby Sivel's own liability as indorser to Ridgway would be taken care of), assumed to sign the composition agreement as representing the note. But the testimony cannot be found which would support a finding by the jury that Ridgway became a party to the composition agreement or was estopped by its terms, if operative. In view, therefore, of the absence of evidence of agency on the part of Sivel, we are of opinion that a verdict should have been directed by the court below to be entered for the plaintiff, as requested in the point of charge, inasmuch as no defense was made out.

The judgment is, therefore, reversed and judgment is now entered for the plaintiff for $142 with interest from January 21, 1899.